# Scranton City, Appellant, *v.* Bush.

160  499
171  614

*Road law—Benefits—Foot front rule—Act of May 23, 1889—Grading —Rural property.*

Under the act of May 23, 1889, art. 5, § 3, clause 10, P. L. 288, cities of the third class have the choice, in assessing upon abutting properties the cost of grading a street, either to make the assessment by the foot front rule or according to benefits.

The purpose of the provision was to enable a city to grade its streets stretching out into the rural parts of the city, and, where the situation of the properties along the street was such as to make it just to do so, to impose the cost of the improvement on the property benefited.

*Streets—Grading—Affidavit of defence—Municipalities.*

Where an ordinance provides that grading shall be done in accordance with plan, profile and specifications, which had been prepared by the city engineer, and that "no departure from the plans, profile and specifications shall be allowed unless authorized by city councils," an affidavit of defence to an action to recover the cost of grading is sufficient which avers that the grading "was not done according to the grade established by ordinance, but according to another grade established by the city engineer without authority."

Argued Feb. 22, 1894.   Appeal, No. 321, Jan. T., 1894, by plaintiff, from order of C. P. Lackawanna Co., Nov. T., 1893, No. 461, discharging rule for judgment for want of sufficient affidavit of defence in favor of defendant, Nicholas Bush.   Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Scire facias sur municipal lien.

The affidavit of defence averred :

" 1. The above claim is on a municipal assessment purporting to be made by the city of Scranton against defendant's lot on Luzerne street, for the cost and expense of grading the said street, by ordinance passed Sept. 4, 1889.   The said assessment against defendant's lot, as described on the lien on which the scire facias in the above entitled case was issued, was wholly illegal and void, for the reason that it was made by the foot front on measurements made by the city engineer, and not according to benefits, as required by law.   That no assessments according to benefits were ever made by the city of Scranton

against defendant's lot for the cost of grading, for which the above entitled action is brought to recover.

" 2. The work done by the plaintiff in the grading of said Luzerne street was without authority of law or ordinance, because the grading was not done according to the grade established by ordinance, but according to another grade established by the city engineer, without authority."

The material portions of the ordinance were as follows :

" Sec. 1. Be it ordained by the select and common council, of the city of Scranton, and it is hereby ordained by the authority of the same, that Luzerne street, from Main avenue to Twenty-second street, be graded to its full width, in accordance with plan, profile and specifications, prepared by the city engineer, a copy of which is hereto attached."

" Sec. 7. The work herein provided for shall be done under the supervision of the city engineer, but no departure from the plan, profile and specifications shall be allowed unless authorized by the city councils."

The act of May 23, 1889, art. 5, § 3, clause 10, P. L. 288, authorizes every city of the third class " To cause to be graded, paved or macadamized any public street, lane or alley, or part thereof, which is now or may hereafter be laid out and opened in any of the said cities, and have the same set with curbstone, and to provide for the payment of the cost and expense of the same or any part thereof by the city, or by the owners of the real estate bounding and abutting thereon, by an equal assessment on said property in proportion to the number of feet the same fronts on the street, lane or alley, or part thereof to be improved ; or in case of grading only, to assess the cost thereof, when not paid by the city, upon the properties benefited, according to benefits ; but councils shall not order any street, lane or alley, or part thereof, to be paved or macadamized at the cost of the owners whose lands front upon the street, lane or alley, or part thereof, to be so improved, except upon the petition of a majority in number of such owners, or upon the petition of the persons owning a majority of the feet front on the street, lane or alley, or part thereof to be improved, unless the ordinance for such improvement shall have been passed by a vote of two thirds of all the members of each branch of councils, in which case councils may direct the improvement to be

made at the cost of the owners without petition, provided," etc.

Rule for judgment discharged by a divided court.

*Error assigned* was above order.

*James H. Torrey*, city solicitor, for appellant, cited : Washington Ave., 69 Pa. 352; Seely v. Pittsburgh, 82 Pa 360; Kelly v. Pittsburgh, 85 Pa. 170; Craig v. Phila., 89 Pa. 265; Scranton v. Pa. Coal Co., 105 Pa. 445; Hand v. Fellows, 148 Pa. 456; Frederick St., 150 Pa. 202; Fourth St., 156 Pa. 469; Pittsburgh v. MacConnell, 130 Pa. 463; McKnight v. Pittsburgh, 91 Pa. 273; Erie v. Butler, 120 Pa. 374.

*I. H. Burns, Joseph O'Brien* with him, for appellee, cited : Hand v. Fellows, 148 Pa. 460; Western Penna. R. R. v. Allegheny, 92 Pa. 100; Scranton v. Barnes, 147 Pa. 461; Murphy v. Cappeau, 147 Pa. 48.

OPINION BY MR. JUSTICE WILLIAMS, March 26, 1894:

The grading of Luzerne street, in the city of Scranton, was done under ordinance No. 45, approved Sept. 4, 1889. This ordinance provided that the work should be done "in accordance with plan, profile, and specifications " which had been prepared by the city engineer, adopted by councils, and attached to the ordinance as part of it. Section 7 of the same ordinance declares that the work shall be done under the supervision of the city engineer, "but no departure from the plans, profile and specifitions shall be allowed unless authorized by city councils." The second paragraph of the affidavit of defence alleges that the grading of Luzerne street " was not done according to the grade established by ordinance, but according to another grade established by the city engineer without authority." This is a definite statement and a positive one. If it is true, then the work done on Luzerne street was not done under the ordinance, but in disregard of it. The words fairly relate to the whole street, and the whole work done upon it; and charge that the lien cannot be supported for the work done, because not done as the ordinance directed. This is not a question of account between the city and its contractor, or of good faith on the part of city officials making the contract as was the case in Pittsburgh v.

McConnell, 130 Pa. 463. It is a denial that the work done was authorized by the city, and a denial of the liability of the defendant for that reason. If the fact turns out to be as stated, the legal conclusion from it is well drawn, and is a defence to the lien filed in this case. In that event the question upon which the learned judges of the court below divided may not be in the case. But the question is fairly raised and it is as well to consider it.

The act of 1874 conferred upon cities the power to grade, pave or macadamize their streets, and charge the cost of such improvement upon the lots abutting on the street so graded, paved or macadamized, according to the frontage of each. This court held however that the per foot front rule was applicable only to the built-up city, and not to rural property in its outskirts: City v. The Coal Co., 105 Pa. 445. The consequence of this holding was that street improvements in the rural parts of cities of the third class could be made only at the cost of the city making them. The act of 1889 relating to cities of the third class empowered such cities to grade, pave or macadamize their streets and charge up the expense of the improvement to the lots fronting upon the street by the per foot front rule. If the section had ended with this provision all cities of the third class would have remained exactly in the position in which previous legislation placed them. In the built-up city they could improve their streets at the cost of lot owners. In the rural portions of the city the grading and paving, if paving was done, must be done at the cost of the taxpayers of the whole city. To remedy this inconvenience the act of 1889 contained this additional provision: " or in case of grading only, to assess the cost thereof, when not paid by the city, upon the properties benefited according to benefits." The evident purpose of this provision was to enable a city to grade its streets stretching out into the rural parts of the city and, where the situation of the properties along the street was such as to make it just to do so, to impose the cost of the improvement on the property benefited. There is no repeal of the act of 1874, no limitation on the power to grade, pave or macadamize at the cost of lot holders under the per foot front rule, conferred in the preceding sentences of the section; but as to one form of work, mainly necessary in the rural districts of the city, a new remedy

is put within the reach of the city. It may still pay for grading in such districts out of the city treasury, or it may, in the exercise of its discretion, charge the cost to the properties benefited. The parts of the section so interpreted may stand together. In the built-up city all street improvement may be charged to property along the street by the per foot front rule. In the rural parts of the city, grading may be charged to the properties benefited, or paid by the city; but paving must still be done at the expense of the city. This interpretation of the act of 1889 is in harmony with Hand v. Fellows, 148 Pa. 456. The single question presented in that case, as was distinctly stated in the opinion, was the effect of the act of 1891 upon that of 1889, and the point ruled was that both could stand together. What was said upon the provision relating to grading only was directed to the question then under consideration. If, as we assume, the defendant's lot is in the built-up part of the city, and if the improvement consists in grading only, we think he may be made liable either according to benefits, or under the per foot front rule. If his lot is in the rural portion of the city it can be made liable only according to benefits.

The judgment of the court discharging the rule for judgment for want of a sufficient affidavit of defence is affirmed.