## Borough of Beaver *v.* Brawdy et al., Appellants.

*Boroughs—Street paving—Assessments—Acts of May 12, 1911, P. L. 288, and June 13, 1911, P. L. 887.*

The Act of May 12, 1911, P. L. 288, was not repealed by the Act of June 13, 1911, P. L. 887. The Act of May 12, 1911, P. L. 288, relates to the assessment of the cost of street paving when the ordinance is passed by the borough council without a petition from the abutting property owners. The Act of June 13, 1911, P. L. 887, amends the Act of April 23, 1889, P. L. 44, which provides for a method by which the abutting property owners may petition the borough council to pass an ordinance providing for the paving of the streets. There is no conflict between the systems provided in the two acts and both can stand.

*Municipal law—Evidence—Proof of publication of ordinance.*

A certificate by the secretary of the borough council that an ordinance has been advertised in a newspaper published in the borough for three successive publications and by handbills duly posted is prima facie evidence of the legal publication of the notice.

Argued April 22, 1920. Appeal, No. 88, April T., 1920, by defendants, from judgment of C. P. Beaver County, March T., 1918, No. 186, on verdict for the plaintiff in the case of Borough of Beaver v. Harriet Brawdy and Mary E. Brawdy. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Scire facias sur municipal lien. Before BALL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $117.43 and judgment thereon. Defendants appealed.

*Error assigned,* among others, was the refusal of defendants' motion for judgment non obstante veredicto.

*A. P. Marshall,* and with him *L. M. Sebring,* for appellants.—The Act of May 12, 1911, P. L. 288, was repealed both expressly and by implication by the Act of June 13, 1911, P. L. 887; Com. v. Moir, 199 Pa. 534; Penna. R. R. Co. v. Riblet, 66 Pa. 164; Eby's App., 70 Pa. 311; Halderman's App., 104 Pa. 251; Perkins et al. v. Phila., 156 Pa. 554.

*John B. McClure,* for appellee.

OPINION BY PORTER, J., October 11, 1920:

The council of the Borough of Beaver, on November 25, 1913, without a petition of the property owners abutting on the street, passed an ordinance providing for the paving of Fourth street, a public street of said borough, and for the collection of two-thirds of the cost and expense of the work from the owners of real estate abutting thereon, in the manner provided by the Act of May 12, 1911, P. L. 288. After the completion of the work an assessment was made, in accordance with the provisions of said statute, against the property of the appellants, the assessment not having been paid a municipal claim was filed therefor, a scire facias issued thereon and, after a trial, judgment was entered against the defendants for the amount of the claim; from which judgment we have this appeal.

The learned counsel for the appellants contend that the borough was without authority to enact an ordinance providing for the assessment of any part of the cost of the work upon abutting property, without a pe-

tition of such owners, for the reason, that the Act of May 12, 1911, P. L. 288, was repealed by the Act of June 13, 1911, P. L. 887. The construction of a statute is a question of the legislative intent in its passage. The first step for consideration in the present case, therefore, is whether the legislature, by the Act of June 13, 1911, intended to deprive boroughs of the authority which it had a few weeks before conferred by the Act of May 12, 1911. The Act of April 23, 1889, P. L. 44, conferred upon the council of a borough authority to ordain the paving of any street and the assessment of two-thirds of the cost of the work upon owners of abutting property, but provided that the power should not be exercised except upon the petition of two-thirds of the owners of property representing not less than two-thirds in number of feet of the properties abutting on the street. When the proper petition was presented, all that was required in order to the exercise of the power was that the ordinance should be passed by a majority vote of the council and approved by the burgess. This was the state of the law before either of the statutes now in question was approved. The Act of May 12, 1911, conferred upon boroughs power to grade, pave and otherwise improve public streets, "without petition of property owners," to collect two-thirds of the cost and expense of the same from the owners of real estate abutting thereon, and provided for the assessment and collection thereof. But while it thus dispensed with the necessity of petition of property owners, it substituted restrictions on the ordinary passage of the ordinance, by requiring that it must be "adopted and enacted by the affirmative vote of two-thirds of all the members comprising the council of said borough, and shall be presented to the burgess of said borough for his approval" and, further, "that no such ordinance shall be finally adopted and enacted in less than thirty days from the date of its introduction" and that the proposed ordinance should be published in the meantime. When the property owners took the initia-

tive, under the Act of 1889 as it then stood, the petition must be signed by "two-thirds of the owners of property representing not less than two-thirds in number of feet of the properties fronting or abutting on said street," and the ordinance could then be adopted by a bare majority of the council. When the council took the initiative, under the Act of May 12, 1911, the ordinance could not be acted upon for less than thirty days after its introduction and could only be adopted by the affirmative vote of two-thirds of all the members comprising the council of the borough. There was no conflict between the systems provided, respectively, by the Act of 1889 and that of May 12, 1911, and both can stand: Hand v. Fellows, 148 Pa. 456; Hanover Borough's App., 150 Pa. 202; Scranton v. Bush, 160 Pa. 499; Greenfield Avenue, 191 Pa. 290; New Castle v. Rearic, 18 Pa. Superior Ct. 350. This was the condition of the law when the Act of June 13, 1911, P. L. 887, was approved, which amended the second section of the Act of 1889. The only effect of this amendment was as to what should be required in the petition of the property owners when the proceeding was under the Act of 1889. The Act of 1889 required that the petition should be signed by "two-thirds of the owners of property representing not less than two-thirds in number of feet of properties fronting or abutting on said street." The amendment, of June 13, 1911, changed this by eliminating the requirement that the petition should be signed by two-thirds (in number) of owners of property, so that, after its approval all that was required was that the petition should be signed by the owners of property representing not less than two-thirds in number of feet of properties abutting on the street. This amendment related only to those cases in which the initiative was taken by the owners of abutting property, under the Act of 1889. Under no reasonable principles of construction can it be held that it was the legislative intention to strike down the

distinct manner of procedure authorized by the Act of May 12, 1911.

The contention of the appellants that there was no evidence that the paving ordinance had been introduced thirty days prior to its final passage, or that it had been advertised as required by the Act of May 12, 1911, is not well founded.  There appeared upon the records of the borough the certificate of the secretary of the town council that the ordinance had been published in a newspaper published in the said borough, in three successive publications, to wit: October 23, October 30, and November 6, 1913, and by fifteen copies of the ordinance, posted along the line of the said street, ten days before the final passage of the ordinance.  If this certificate was correct, then the publication had been all that was by the statute required, and the first publication, October 23d, was more than thirty days prior to the final passage of the ordinance.  These records were kept by a public officer, in the regular discharge of his public duty, and were presented by the proper custodian thereof.  They were all that was necessary to be shown, in order to establish a prima facie case for the plaintiff: Grier v. Homestead Borough, 6 Pa. Superior Ct. 542.  The contract for the work having been executed, as it is alleged informally, by the president of council two days prior to the expiration of his term of office, and having been filed with the secretary of the council, it was entirely competent for the new council to ratify that contract, by an ordinance approved by the burgess then in office. The contractor having acted upon the contract as thus ratified, completed the work and been paid for it, and there being no allegation that the work was not well done and worth the price, the appellants have no just ground of complaint.

The judgment is affirmed.